UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JON R. DEUTSCH | § | |
| | § | **CIVIL ACTION NO. 1:16-CV-361** |
| **Plaintiff** | § | |
| | § | |
| VS. | § | |
| | § | |
| AMERICANA BUILDING, L.P. | § | |
| | § | |
| **Defendant** | § | |

## COMPLAINT

TO THE HONORABLE U.S. DISTRICT JUDGE:

**COMES NOW**, Plaintiff JON R. DEUTSCH and brings this cause of action against AMERICANA BUILDING, L.P., ("AMERICANA BUILDING"). AMERICANA BUILDING, L.P., owns the real estate, property, and improvements in the local area where a business named AZTECA TAX operates.  Mr. DEUTSCH respectfully shows that the Defendant's real estate, property, and improvements at the AUSTIN location ("AZTECA TAX") are not accessible to individuals with mobility disabilities, in violation of state and federal law.

### STATEMENT OF CLAIM

1.      Mr. DEUTSCH, a person with a physical disability and mobility impairments, brings this action for declaratory and injunctive relief, attorneys' fees, costs, and litigation expenses against Defendant for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181, *et seq.* ("ADA"), and its attendant regulations, the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"), the Texas Accessibility Standards ("TAS"), promulgated under the Texas Architectural Barriers Act ("TABA"), Tex.Gov't. Code §469, and Chapter 121 of the Texas Human Resources Code,

Tex.Hum.Res. Code §121.001 *et seq*. ("Chapter 121").

2.      Defendant refused to provide Mr. DEUTSCH and others similarly situated with sufficient ADA-Compliant Disabled parking in the parking lot that serves the AZTECA TAX.  The Austin location does not provide any ADA-Compliant Van Accessible Disabled Parking.  Based on these facts, AMERICANA BUILDING, L.P., has denied Mr. DEUTSCH the ability to enjoy the goods, services, facilities, privileges, advantages, and accommodations at the AZTECA TAX.


**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.  Mr. DEUTSCH further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. §1367(a), to consider his state law claims.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the events complained of occurred in the City of Austin, Travis County, wherein the AZTECA TAX is located.


**PARTIES**

5.      Plaintiff JON R. DEUTSCH is a paraplegic with no use of his legs.  Mr. DEUTSCH has a disability, as established by the Social Security Administration and has a disabled placard on his vehicle from the State of Texas.  Mr. DEUTSCH has significant mobility impairments and uses a wheelchair for mobility.  He is a "qualified individual with a disability" within the meaning of ADA Title III and a "person with a disability" within the meaning of Chapter 121.

2

6.     Defendant AMERICANA BUILDING, L.P., owns the real estate, improvements, and building where the AZTECA TAX is situated.  The address of AZTECA TAX is 1301 SOUTH INTERSTATE HWY 35, AUSTIN, TX 78741.  The business is a place of public accommodation, operated by a private entity, whose operations affect commerce within the meaning of Title III of the ADA and Texas Accessibility Standards. *See* Tex.Gov't Code §469.003(a)(4) (applying TAS to buildings defined as public accommodations under the ADA).  It is also a public facility within the meaning of Chapter 121. Tex.Hum.Res. Code §121.003.

7.     Defendant AMERICANA BUILDING, L.P., is a Domestic Limited Liability Partnership whose headquarters are 1301 SOUTH IH-35, SUITE 200, AUSTIN, TX 78741-1169.  Defendant can be served process through its registered agent PATRICIA J. SIMPSON who can be served at 1450 CR 336, SAN SABA, TX 76877 as indicated by records from the Office of Texas Secretary of State.

**FACTS**

8.     AZTECA TAX is a business establishment and place of public accommodation.  AZTECA TAX is situated on real estate, property, and improvements owned and operated by AMERICANA BUILDING, L.P.

9.      AZTECA TAX is not accessible to disabled individuals because it has zero ADA-Compliant Van Accessible Disabled Parking spaces near the entrance.

10.    Both Satellite photographs and photographs taken at the scene confirm these statements. *See* **Figures 1-10** *below.*



**Fig. 1 - Overhead view of AZTECA TAX IN 2015.**
  Satellite Images from *Texas General Land Office, Texas Orthoimagery Program, U.S. Geological Survey, 2015*. Note: This property has zero ADA-Compliant Disabled Parking Spaces near the business entrance. Under the Americans with Disabilities Act, this business must have 1 ADA-Compliant Van Accessible Parking space (96" Wide with 96" Side Access Aisle) near the business entrance.



**Fig. 2 – AZTECA TAX.** This location has zero ADA-Compliant Van Accessible Disabled Parking spaces. Under the ADA, this business is required to have 3 ADA-Compliant Disabled Spaces including 1 ADA-Compliant Van Accessible space (96" Wide with 96" Side Access Aisle) near the main entrance.



**Fig. 3 – AZTECA TAX East Side of Building.** Note: No ADA-Compliant Van Accessible Disabled Parking. Under the ADA, this business is required to have 3 Disabled Parking spaces including 1 ADA-Compliant Van Accessible space.



**Fig. 4 – East Side of Building.** Note: Not ADA-Compliant. Ramp Extends into Access Aisle.



**Fig. 5 – Closeup of Ramp.** Note: Not ADA-Compliant. Ramp Improperly Extends Into Access Aisle.



**Fig. 6 – East Side of Property.** Not ADA-Compliant. No Sign.



**Fig. 7 – West Entrance.** Not ADA-Compliant. No Disabled Parking.



**Fig. 8 – West Parking Lot.** Not ADA-Compliant. No Disabled Parking.



**Fig. 9 – West Parking Area.** Not ADA-Compliant. No Disabled Parking.



**Fig. 10 – South Parking Area.** Not ADA-Compliant. No Disabled Parking.

11.     The Plaintiff patronized the AZTECA TAX located at 1301 SOUTH
INTERSTATE HWY 35, AUSTIN, TX 78741 in October of 2015.

12.     In encountering and dealing with the lack of an accessible facility, the
Plaintiff experienced difficulty and discomfort. This violation denied the Plaintiff full and
equal access to facilities, privileges and accommodations offered by the Defendant.

13.     Additionally, on information and belief, the Plaintiff alleges that the
failure to remove the barrier was intentional because: (1) this particular barrier is intuitive
and obvious; (2) the Defendant exercised control and dominion over the conditions at this
location and, therefore, the lack of accessible facilities was not an "accident" because had
the Defendant intended any other configuration, it had the means and ability to make the
change.

14.     The Defendant's Austin location does not have the required number of ADA parking spaces.  With 51-75 parking spaces, Defendant must have at least <u>three</u> ADA-Compliant Disabled Parking spaces including <u>one</u> ADA-Compliant Van Accessible Disabled Parking space (96" Wide with 96" Side Access Aisle).  This space must be located close to the main entrance.  Additionally, there is no access ramp and the curb height to enter the business exceeds ½".  *See* **Figs. 1-10,** *supra* and **Exhibit 1**.

15.     The Americans with Disabilities Act (ADA), 42 U.S.C. §12101, has been federal law for over 25 years.

## I. FIRST CAUSE OF ACTION
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
## 42 U.S.C. § 12101

16.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

17.     Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

> a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

> b. A failure to remove architectural barriers where such

removal is readily  achievable. 42 U.S.C. § 12182(b)(2)
(A)(iv). Barriers are defined by reference to the ADAAG,
found at 28 C.F.R., Part 36, Appendix "D."

c. A failure to make alterations in such a manner that, to
the maximum extent feasible, the altered portions of the
facility are readily accessible to and usable by individuals
with disabilities, including individuals who use
wheelchairs or to ensure that, to the maximum extent
feasible, the path of travel to the altered area and the
bathrooms, telephones, and drinking fountains serving the
altered area, are readily accessible to and usable by
individuals with disabilities. 42 U.S.C. § 12183(a)(2).

18.    Pursuant to 28 C.F.R., Part 36, Appendix D (herein after "1991

Standards"), section 4.1.2, and 36 C.F.R., Part 1191, Appendix B (herein after "2010

Standards"), section 208.2, if a business provides between 51 and 75 parking spaces, they

must provide at least three ADA-Compliant Disabled Parking spaces including one

ADA-Compliant Van Accessible space (96" Wide with 96" Side Access Aisle). *See*

**Exhibit 1**.

19.    Here, the Defendant did not provide a sufficient number of ADA-

Compliant Van Accessible Parking spaces near the entrance, although doing so is easily

and readily done, and, therefore violated the ADA.  Furthermore, there is no access ramp

and the curb height to enter the business exceeds ½".  These actions are violations of law

and are discriminatory.


## II. SECOND CAUSE OF ACTION:
## VIOLATION OF CHAPTER 121, TEXAS HUMANS RESOURCES CODE,
## TEXAS ACCESSIBILITY STANDARDS

20.    Chapter 121 specifically addresses the ability of people with disabilities to

integrate fully into society.  Chapter 121 states the policy of Texas "is to encourage and

enable persons with disabilities to participate in the social and economic life of the state, to achieve maximum personal independence, to become gainfully employed, and to otherwise fully enjoy all public facilities available within the state." Tex.Hum.Res. Code §121.001.

21.     Pursuant to the legislative mandate in the Texas Human Resources Code, the Texas Department of Licensing and Regulation adopted the Texas Accessibility Standards ("TAS") to be the minimum guidelines for compliance with Chapter 121 of the Tex.Hum.Res. Code.  The goal of TAS is to embody the required standards of accessibility for places of public accommodation.

22.     TABA applies to privately funded buildings or facilities defined as a "public accommodation" by 42 U.S.C. §12181, and its subsequent amendments. Tex.Gov't. Code §469.003(a)(4).  The Defendant's retail store is such a public facility.

23.     Defendant's violations of the ADA, 42 U.S.C. §12182 and 36 C.F.R., Part 1191, Appendix B, § 208.2 also constitute violations of the corresponding sections of the Texas Accessibility Standards § 208.2.

24.     Defendant's actions have denied, and continue to deny, Mr. DEUTSCH, because of his disabilities, and those like him, the opportunity to participate in or benefit from a good, service, or accommodation that is equal to that afforded other individuals, thus violating Chapter 121. Tex.Hum.Res. Code §121.001, *et seq.*

## RELIEF REQUESTED

<u>Injunctive Relief</u>

25.     Mr. DEUTSCH will continue to experience unlawful discrimination as a result of Defendant's refusal to comply with the ADA, Chapter 121, and the TABA.

12

Injunctive relief is necessary so he and all individuals with disabilities can access the Defendant's retail store equally, as required by law, and to compel Defendant to modify the property to be in compliance with federal and state laws.

Declaratory Relief

26.   Mr. DEUTSCH is entitled to declaratory judgment concerning Defendant's violations of law, specifying the rights of individuals with disabilities to access the goods and services at the Defendant's retail store.

27.   The facts are undisputed and Defendant's non-compliance with the ADA has been proven through satellite photographs and on-site photographs.  Plaintiff proves a *prima facie* case of ADA violations against Defendant.

Statutory Damages

28.   Mr. DEUTSCH is entitled to damages in the amount of at least $300 per violation of Chapter 121 by Defendant, pursuant to Tex.Hum.Res. Code §121.004(b).

Attorneys' Fees and Costs

29.   Plaintiff is entitled to reasonable attorneys' fees, litigation costs, and court costs, pursuant to 42 U.S.C. §12205.

## PRAYER FOR RELIEF

THEREFORE, Mr. DEUTSCH respectfully requests this Court award the following relief:

A.  A permanent injunction, compelling Defendant to comply with the Americans

with Disabilities Act; and enjoining Defendant from violating the ADA and Chapter 121 of the Texas Human Resources Code; and from discriminating against Mr. DEUTSCH and those similarly-situated, in violation of the law;

B.  A declaratory judgment that Defendant's actions are a violation of the ADA and Chapter 121 of the Texas Human Resources Code;

C.  Damages in the amount of at least $300 per violation of Chapter 121, pursuant to Tex.Hum.Res. Code §121.004(b);

D.  Find that Mr. DEUTSCH is the prevailing party in this action, and order Defendant liable for Plaintiff's attorneys' fees, costs, and litigation expenses; and,

E.  Grant such other and additional relief to which Plaintiff may be entitled in this action.


DATED: MARCH 14, 2016                Respectfully submitted,

                            By:    /s/ Omar W. Rosales
                                   Omar W. Rosales

                                   **THE ROSALES LAW FIRM, LLC**
                                   WWW.OWROSALES.COM
                                   OMAR W. ROSALES
                                   Federal No. 690657
                                   PO BOX 6429
                                   AUSTIN, TX 78762-6429
                                   (512) 520-4919 Tel
                                   (512) 309-5360 Fax
                                   omar@owrosales.com

                                   ATTORNEY OF RECORD FOR
                                   PLAINTIFF JON R. DEUTSCH

EXHIBIT 1





Figure 307.2
of Protruding Objects

# 2010 ADA Standards
# for Accessible Design



Figure 703.2.5
Height of Raised Character

ure 703.7.2.2
nal Symbol of TTY

**Department of Justice**

September 15, 2010

## 208 Parking Spaces

**208.1 General.**  Where parking *spaces* are provided, parking *spaces* shall be provided in accordance with 208.

> **EXCEPTION:**  Parking *spaces* used exclusively for buses, trucks, other delivery vehicles, law enforcement vehicles, or vehicular impound shall not be required to comply with 208 provided that lots accessed by the public are provided with a passenger loading zone complying with 503.

**208.2 Minimum Number.**  Parking *spaces* complying with 502 shall be provided in accordance with Table 208.2 except as required by 208.2.1, 208.2.2, and 208.2.3.  Where more than one parking *facility* is provided on a *site*, the number of *accessible spaces* provided on the *site* shall be calculated according to the number of *spaces* required for each parking *facility*.

### Table 208.2 Parking Spaces

| Total Number of Parking Spaces Provided in Parking Facility | Minimum Number of  Required Accessible Parking Spaces |
|---|---|
| 1 to 25 | 1 |
| 26 to 50 | 2 |
| 51 to 75 | 3 |
| 76 to 100 | 4 |
| 101 to 150 | 5 |
| 151 to 200 | 6 |
| 201 to 300 | 7 |
| 301 to 400 | 8 |
| 401 to 500 | 9 |
| 501 to 1000 | 2 percent of total |
| 1001 and over | 20, plus 1 for each 100, or fraction thereof, over 1000 |

> **Advisory 208.2 Minimum Number.**  The term "parking facility" is used Section 208.2 instead of the term "parking lot" so that it is clear that both parking lots and parking structures are required to comply with this section.  The number of parking spaces required to be accessible is to be calculated separately for each parking facility; the required number is not to be based on the total number of parking spaces provided in all of the parking facilities provided on the site.

**208.2.1 Hospital Outpatient Facilities.**  Ten percent of patient and visitor parking *spaces* provided to serve hospital outpatient *facilities* shall comply with 502.

> **Advisory 208.2.1 Hospital Outpatient Facilities.**  The term "outpatient facility" is not defined in this document but is intended to cover facilities or units that are located in hospitals and that provide regular and continuing medical treatment without an overnight stay.  Doctors' offices, independent clinics, or other facilities not located in hospitals are not considered hospital outpatient facilities for purposes of this document.

**208.2.2 Rehabilitation Facilities and Outpatient Physical Therapy Facilities.**  Twenty percent of patient and visitor parking *spaces* provided to serve rehabilitation *facilities* specializing in treating conditions that affect mobility and outpatient physical therapy *facilities* shall comply with 502.

> **Advisory 208.2.2 Rehabilitation Facilities and Outpatient Physical Therapy Facilities.**  Conditions that affect mobility include conditions requiring the use or assistance of a brace, cane, crutch, prosthetic device, wheelchair, or powered mobility aid; arthritic, neurological, or orthopedic conditions that severely limit one's ability to walk; respiratory diseases and other conditions which may require the use of portable oxygen; and cardiac conditions that impose significant functional limitations.

**208.2.3 Residential Facilities.**  Parking *spaces* provided to serve residential *facilities* shall comply with 208.2.3.

**208.2.3.1 Parking for Residents.**  Where at least one parking *space* is provided for each *residential dwelling unit*, at least one parking *space* complying with 502 shall be provided for each *residential dwelling unit* required to provide mobility features complying with 809.2 through 809.4.

**208.2.3.2 Additional Parking Spaces for Residents.**  Where the total number of parking *spaces* provided for each *residential dwelling unit* exceeds one parking *space* per *residential dwelling unit*, 2 percent, but no fewer than one *space,* of all the parking *spaces* not covered by 208.2.3.1 shall comply with 502.

**208.2.3.3 Parking for Guests, Employees, and Other Non-Residents.**  Where parking spaces are provided for persons other than residents, parking shall be provided in accordance with Table 208.2.

**208.2.4 Van Parking Spaces.**  For every six or fraction of six parking *spaces* required by 208.2 to comply with 502, at least one shall be a van parking *space* complying with 502.

**208.3 Location.**  Parking *facilities* shall comply with 208.3

**208.3.1 General.**  Parking *spaces* complying with 502 that serve a particular *building* or *facility* shall be located on the shortest *accessible* route from parking to an *entrance* complying with 206.4. Where parking serves more than one *accessible entrance*, parking *spaces* complying with 502 shall be dispersed and located on the shortest *accessible* route to the *accessible entrances*.  In parking

*facilities* that do not serve a particular *building* or *facility*, parking *spaces* complying with 502 shall be located on the shortest *accessible* route to an *accessible* pedestrian *entrance* of the parking *facility*.

> **EXCEPTIONS: 1.** All van parking *spaces* shall be permitted to be grouped on one level within a multi-*story* parking *facility*.
>
> **2.** Parking *spaces* shall be permitted to be located in different parking *facilities* if substantially equivalent or greater *accessibility* is provided in terms of distance from an *accessible entrance* or *entrances*, parking fee, and user convenience.

> **Advisory 208.3.1 General Exception 2.** Factors that could affect "user convenience" include, but are not limited to, protection from the weather, security, lighting, and comparative maintenance of the alternative parking site.

**208.3.2 Residential Facilities.** In residential *facilities* containing *residential dwelling units* required to provide mobility features complying with 809.2 through 809.4, parking *spaces* provided in accordance with 208.2.3.1 shall be located on the shortest *accessible* route to the *residential dwelling unit entrance* they serve. *Spaces* provided in accordance with 208.2.3.2 shall be dispersed throughout all types of parking provided for the *residential dwelling units*.

> **EXCEPTION:** Parking *spaces* provided in accordance with 208.2.3.2 shall not be required to be dispersed throughout all types of parking if substantially equivalent or greater *accessibility* is provided in terms of distance from an *accessible entrance*, parking fee, and user convenience.

> **Advisory 208.3.2 Residential Facilities Exception.** Factors that could affect "user convenience" include, but are not limited to, protection from the weather, security, lighting, and comparative maintenance of the alternative parking site.

## 209 Passenger Loading Zones and Bus Stops

**209.1 General.** Passenger loading zones shall be provided in accordance with 209.

**209.2 Type.** Where provided, passenger loading zones shall comply with 209.2.

**209.2.1 Passenger Loading Zones.** Passenger loading zones, except those required to comply with 209.2.2 and 209.2.3, shall provide at least one passenger loading zone complying with 503 in every continuous 100 linear feet (30 m) of loading zone *space*, or fraction thereof.

**209.2.2 Bus Loading Zones.** In bus loading zones restricted to use by designated or specified public transportation vehicles, each bus bay, bus stop, or other area designated for lift or *ramp* deployment shall comply with 810.2.

> **Advisory 209.2.2 Bus Loading Zones.** The terms "designated public transportation" and "specified public transportation" are defined by the Department of Transportation at 49 CFR 37.3 in regulations implementing the Americans with Disabilities Act. These terms refer to public transportation services provided by public or private entities, respectively. For example, designated public transportation vehicles include buses and vans operated by public transit agencies, while specified public transportation vehicles include tour and charter buses, taxis and limousines, and hotel shuttles operated by private entities.

**U.S. Department of Justice**
Civil Rights Division
*Disability Rights Section*



# A D A
Design Guide

**1**

# Restriping Parking Lots

## Accessible Parking Spaces

When a business, State or local government agency, or other covered entity restripes a parking lot, it must provide accessible parking spaces as required by the ADA Standards for Accessible Design. Failure to do so would violate the ADA.

In addition, businesses or privately owned facilities that provide goods or services to the public have a continuing ADA obligation to remove barriers to access in existing parking lots when it is readily achievable to do so. Because restriping is relatively inexpensive, it is readily achievable in most cases.

This ADA Design Guide provides key information about how to create accessible car and van spaces and how many spaces to provide when parking lots are restriped.



### Accessible
### Parking Spaces for Cars

Accessible parking spaces for cars have at least a 60-inch-wide access aisle located adjacent to the designated parking space. The access aisle is just wide enough to permit a person using a wheelchair to enter or exit the car. These parking spaces are identified with a sign and located on level ground.

### Van-Accessible Parking Spaces

Van-accessible parking spaces are the same as accessible parking spaces for cars except for three features needed for vans:

* a wider access aisle (96") to accommodate a wheelchair lift;
* vertical clearance to accommodate van height at the van parking space, the adjacent access aisle, and on the vehicular route to and from the van-accessible space, and
* an additional sign that identifies the parking spaces as "van accessible."

One of eight accessible parking spaces, but always at least one, must be van-accessible.



### Minimum Number of Accessible Parking Spaces
ADA Standards for Accessible Design 4.1.2 (5)

| Total Number of Parking spaces Provided (per lot) | Total Minimum Number of Accessible Parking Spaces (60" & 96" aisles) | Van Accessible Parking Spaces with min. 96" wide access aisle | Accessible Parking Spaces with min. 60" wide access aisle |
|---|---|---|---|
| | Column A | | |
| 1 to 25 | 1 | 1 | 0 |
| 26 to 50 | 2 | 1 | 1 |
| 51 to 75 | 3 | 1 | 2 |
| 76 to 100 | 4 | 1 | 3 |
| 101 to 150 | 5 | 1 | 4 |
| 151 to 200 | 6 | 1 | 5 |
| 201 to 300 | 7 | 1 | 6 |
| 301 to 400 | 8 | 1 | 7 |
| 401 to 500 | 9 | 2 | 7 |
| 501 to 1000 | 2% of total parking provided in each lot | 1/8 of Column A* | 7/8 of Column A** |
| 1001 and over | 20 plus 1 for each 100 over 1000 | 1/8 of Column A* | 7/8 of Column A** |

\* one out of every 8 accessible spaces      \*\* 7 out of every 8 accessible parking spaces

## Location

Accessible parking spaces must be located on the shortest accessible route of travel to an accessible facility entrance. Where buildings have multiple accessible entrances with adjacent parking, the accessible parking spaces must be dispersed and located closest to the accessible entrances.

When accessible parking spaces are added in an existing parking lot, locate the spaces on the most level ground close to the accessible entrance. An accessible route must always be provided from the accessible parking to the accessible entrance. An accessible route never has curbs or stairs, must be at least 3-feet wide, and has a firm, stable, slip-resistant surface. The slope along the accessible route should not be greater than 1:12 in the direction of travel.

Accessible parking spaces may be clustered in one or more lots if equivalent or greater accessibility is provided in terms of distance from the accessible entrance, parking fees, and convenience. Van-accessible parking spaces located in parking garages may be clustered on one floor (to accommodate the 98-inch minimum vertical height requirement).

## Free Technical Assistance

Answers to technical and general questions about restriping parking lots or other ADA requirements are available by telephone on weekdays. You may also order the ADA Standards for Accessible Design and other ADA publications, including regulations for private businesses or State and local governments, at any time day or night. Information about ADA-related IRS tax credits and deductions is also available from the ADA Information Line.

**Department of Justice**
**ADA Information Line**

**800-514-0301 (voice)**
**800-514-0383 (tty)**

## Features of Accessible Parking Spaces for Cars



Sign with the international symbol of accessibility mounted high enough so it can be seen while a vehicle is parked in the space.

If the accessible route is located in front of the space, install wheelstops to keep vehicles from reducing width below 36 inches.

accessible route (min. 36-inch width)

Access aisle of at least 60-inch width must be level (1:50 maximum slope in all directions), be the same length as the adjacent parking space(s) it serves and must connect to an accessible route to the building. Ramps must not extend into the access aisle.

Boundary of the access aisle must be marked. The end may be a squared or curved shape.

Two parking spaces may share an access aisle.

| 96" min. | 60" min. | 96" min. |
| 2440 | 1525 | 2440 |

## Three Additional Features for Van-Accessible Parking Spaces



**Sign with "van accessible"** and the international symbol of accessibility mounted high enough so the sign can be seen when a vehicle is parked in the space

accessible route

**96" min. width access aisle**, level (max. slope 1:50 in all directions), located beside the van parking space

**Min. 98-inch-high clearance** at van parking space, access aisle, and on vehicular route to and from van space

| 96" min. | 96" min. | 96" min. |
| 2440 | 2440 | 2440 |

### Internet

You may also review or download information on the Department's ADA Internet site at any time. The site provides access to ADA regulations, technical assistance materials, and general ADA information. It also provides links to other Federal agencies, and updates on new ADA requirements and enforcement efforts. Internet address: **www.usdoj.gov/crt/ada/adahom1.htm**

### Reference:

ADA Standards for Accessible Design (28 CFR Part 36):

§ 4.1.6 Alterations;
§ 4.1.2 Accessible Sites and Exterior Facilities: New Construction, and
§ 4.1.6 Parking and Passenger Loading Zones.

Duplication of this document is encouraged.